**STATE of Maine**

v.

**Jeffrey WIEBKING.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 9, 1986.

Decided June 12, 1986.

The entry is:

Judgment affirmed.

All concurring.

R. Christopher Almy, Dist. Atty., Philip Worden, Asst. Dist. Atty., (orally), Dover-Foxcroft, for plaintiff.

Jeffrey Wiebking, Thomaston, pro se.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

Jeffrey Wiebking, representing himself, appeals his conviction of escape, 17–A M.R.S.A. § 755 (1981 & Supp.1985), entered after a jury trial in Superior Court (Piscataquis County). His sole contention on appeal is that he was denied his statutory right to be brought to trial within 180 days after his demand pursuant to 34–A M.R.S.A. § 3042 (Pamph.1985). Defendant's trial did not commence until 467 days after he filed his statutory demand for trial. Delay attributable to defendant, however, may not be counted against the 180–day time limit prescribed by section 3042. *See State v. Heald,* 393 A.2d 537, 543–44 (Me.1978) (construing 34 M.R.S.A. § 1391, the predecessor of section 3042). During the 467–day period, defendant filed a variety of pretrial motions, including ones for continuances, for leave to proceed *pro se,* and for transfer to another county for plea and sentence. On this record he does not establish that he himself was free of responsibility for delaying the trial beyond 180 days.